VEHICLE AND TRAFFIC LAW, § 398-b, INSURANCE LAW, § 123.
The evaluation of claims by insurance companies regarding damages to motor vehicles does not constitute "diagnosing motor vehicle malfunctions" within the meaning of section 398-b
of the Vehicle and Traffic Law.
HON. JAMES P. MELTON Commissioner, Department of Motor Vehicles
This is in response to your request for an opinion of the Attorney General as to whether the evaluation of claims by insurance companies regarding damages to motor vehicles comes within the provisions of the Motor Vehicle Repair Shop Registration Act. More specifically you ask whether such evaluation constitutes "diagnosing motor vehicle malfunctions" within the meaning of section 398-b of the Vehicle and Traffic Law, and if so, whether the Department of Motor Vehicles is required or permitted to register those who make such evaluations. You indicate that insurance companies evaluate their customers' claims by either operating a drive-in claim center or by sending the company's agents into the field or by hiring independent adjustment companies.
Section 398-b of the Vehicle and Traffic Law defines the term "motor vehicle repair shop" as "* * * any person who, for compensation, is wholly or partially engaged in the business of repairing or diagnosing motor vehicle malfunctions or repairing motor vehicle bodies, fenders or other components damaged by accident or otherwise * * *". (Emphasis added.) Various exceptions follow which are not relevant to this discussion.
It does not appear that the term "diagnosing motor vehicle malfunctions" includes the evaluation of damages to a vehicle. The term "diagnosing" connotes the act of searching for a cause of the malfunction with an eye to remedying it. The simple viewing of a vehicle in order to evaluate the amount of damages resulting from a known cause for the purpose of an insurance claim does not fit the term "diagnosing". Moreover, the statute separates the business of repairing or diagnosing motor vehicle malfunctions from the business of repairing vehicle bodies damaged by accident. The evaluation of damages caused by an accident is more closely connected to the latter business of repairing vehicle bodies. Moreover, the evaluation by an insurance company of damages to a vehicle is not included in the business of repairing motor vehicle bodies. Thus, the evaluation by an insurance company of damages to motor vehicles is not included within either business described by the statute.
One type of claims evaluator, the independent adjustor, is required to be licensed by the Insurance Department pursuant to section 123 of the Insurance Law. To require them to be registered under the Motor Vehicle Repair Shop Registration Act would be an unnecessary duplication of requirements.
Therefore, I conclude that the evaluation of claims by insurance companies regarding damages to motor vehicles does not constitute "diagnosing motor vehicle malfunctions" within the meaning of section 398-b of the Vehicle and Traffic Law and therefore the Department of Motor Vehicles is not required nor permitted to register those who make such evaluations. Registration under the Motor Vehicle Repair Shop Registration Act, of course, would be required if the insurance company evaluators also engaged in the business of repairing motor vehicles.